■ CITY OF NEW YORK, Appellant, v GENERAL STAR INDEMNITY COMPANY, Respondent. [945 NYS2d 686]——

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 9, 2011, which denied the City's motion for leave to renew its motion for summary judgment declaring that defendant General Star Indemnity Company had a duty to indemnify the City and reimburse its defense costs in the now settled underlying personal injury action, unanimously affirmed, without costs.

This declaratory judgment action stems from an underlying action in which the plaintiff therein, an employee of MVN Associates, Inc. (MVN), was allegedly injured during the course of his employment. MVN purchased liability insurance coverage under a "master policy" that General Star issued to the "Marine Contractors Alliance." The master policy identified only the named insured, while MVN, as an insured under the policy, and the City, as an additional insured, were identified only on certificates of insurance which contained numbers and effective dates that did not match the master policy.

The City asserts that it is now clear from discovery that General Star received notice of the claim on June 27, 2002. Even if notice of claim was received on that date, questions of fact exist as to whether the information received, which failed to identify the named insured or the number of the master policy, provided a sufficient basis for disclaimer, or if sufficient documentation was not provided until July 8, 2002, as claimed by General Star (see Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 409 [2010]). Accordingly, issues of fact also exist as to the timeliness of General Star's investigation, which was not commenced until July 9, 2002, and subsequent disclaimer, is-

sued on August 7, 2002 (*id.*). Although General Star claims that it had to gather information from multiple sources to identify the policy and program applicable to the underlying claim, issues exist as to whether it conducted a "diligent" investigation (*see id.*). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2011 NY Slip Op 30296(U).]**